**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **DERRICK HALLMAN,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **V.** | **:** | |
| | **:** | **NO. 1:24-cv-00015-LAG-TQL** |
| **WARDEN OTIS SMITH,** *et al.***,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| _____**:** | | |

**<u>ORDER & RECOMMENDATION OF DISMISSAL</u>**

Plaintiff Derrick Hallman, a prisoner in Johnson State Prison in Wrightsville,

Georgia, filed a complaint in the Northern District of Georgia that appeared to be seeking

relief under 42 U.S.C. § 1983.  Compl., ECF No. 1.  Thereafter, the Northern District

transferred the case to this Court.  Order, ECF No. 2.  Following the transfer, Plaintiff

was ordered to recast his complaint on the proper form.  Order, ECF No. 6.  Plaintiff was

also ordered to either pay the $405.00 filing fee for a civil rights complaint or move for

leave to proceed in this action *in forma pauperis*.  *Id.*

Plaintiff has now filed a recast complaint and an account statement, which appears

to be intended as a motion to proceed *in forma pauperis*.[1]  Recast Compl., ECF No. 11;

---

[1]The account statement is deficient in certain ways.  *See* Prisoner Trust Fund Account
Statement, ECF No. 10.  Most notably, it is not accompanied by a certification form
completed and signed by a prison official.  *See id.*  Plaintiff, however, has attached to his
account statement a written notice that appears to be asserting that Plaintiff has had
difficulty obtaining the proper paperwork from prison officials.  *See id.* at 2.  Plaintiff
should not be penalized for prison officials' failure to provide him with the paperwork that
he needs.  Thus, the Court will proceed based on the documents that Plaintiff has filed.

Prisoner Trust Fund Account Statement 1, ECF No. 10.   On consideration of these filings, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, as set forth below.[2] Accordingly, Plaintiff's complaint is ripe for preliminary review.   And on that review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee.   *See* 28 U.S.C. § 1915(a).   As permitted by this provision, Plaintiff has moved for leave to proceed *in forma pauperis* in this case.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 10. Upon review of his submissions, Plaintiff's motion is **GRANTED**.   Thus, Plaintiff's complaint is ripe for preliminary screening.

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b).   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.   For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as

---

[2]A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff appears to have accrued no strikes for the purposes of 28 U.S.C. §1915(g).

payment towards the filing fee, as explained below.

### A.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was incarcerated. The Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments

but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.        Standard of Review

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

As an initial overarching matter, Plaintiff's allegations are generally rambling and nearly incomprehensible. *See* Recast Compl. 5, ECF No. 11. In this regard, Plaintiff includes allegations relating to masonic lodges and states that a judge "has exhausted Kenya Africa unions." *See id.*

Nevertheless, construing Plaintiff's complaint broadly in his favor, it appears that Plaintiff is attempting to assert that he is illegally incarcerated. *See* Recast Compl. 5, ECF

5

No. 11.   As a remedy, Plaintiff asks for monetary damages and to have his sentence

vacated.   *Id.* at 6.   To the extent that Plaintiff is attempting to have his sentence vacated,

a civil rights action is not the proper avenue for seeking such relief.   Instead, Plaintiff must

seek such relief through a petition for a writ of habeas corpus.   *See Preiser v. Rodriguez*,

411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration

of his physical imprisonment, and the relief he seeks is a determination that he is entitled

to immediate release or a speedier release from that imprisonment, his sole federal remedy

is a writ of habeas corpus.").

Additionally, insofar as Plaintiff is seeking monetary damages relating to his

allegedly illegal incarceration, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994).   In particular, under *Heck*, a prisoner cannot bring a § 1983 action for

damages that would invalidate a sentence or conviction unless the sentence or conviction

in question has previously been invalidated.   *Id.* at 487.   If such an action is brought prior

to invalidation of the conviction or sentence challenged, it must be dismissed as premature.

*Id.* at 487-89.   Plaintiff's complaint does not indicate that his conviction or sentence have

been invalidated, and thus, Plaintiff cannot state a claim for damages under *Heck*.

Moreover, Plaintiff's only allegation relating to Warden Otis Smith at the Decatur

County Correctional Institution is that he "has destroyed federalist immunities with anti-

ministries crafts members."   *See* Compl. 5, ECF No. 11.   It is unclear what Plaintiff is

trying to say with this allegation.   Regardless, this allegation, standing alone, does not

assert facts showing that Smith has violated Plaintiff's constitutional or other federal rights.

Likewise, Plaintiff includes no allegations relating to Chabara Braggs of Johnson State Prison, the only other named defendant. *See id.*

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff does not allege any facts connecting the named defendants with an alleged constitutional violation. After the order to recast was entered, Plaintiff has also submitted affidavits, but these also fail to allege facts demonstrating that either of the named defendants has violated Plaintiff's constitutional rights in any way. *See* Aff., ECF Nos. 9 & 12. Therefore, Plaintiff's submissions do not state a claim for relief, and it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this recommendation. The parties may seek an extension of time to file objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was

timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 6th day of May, 2024.


s/ ***Thomas Q. Langstaff***
United States Magistrate Judge